NATHAN, Judge.
Protective National Insurance Company of Omaha, defendant, appeals an ■ adverse summary final judgment in an action for personal injury protection benefits under its policy of insurance.
The sole issue presented is whether the insurance company is liable for personal injury protection benefits to the plaintiff-passenger under a No Fault policy issued to the driver of a motor vehicle, where the passenger was injured while in the motor vehicle and neither the owner of the motor vehicle nor the passenger had No Fault personal injury protection coverage. The trial court found that the insurance company was liable and entered summary final judgment in favor of the passenger. We reverse.
The issue to be determined is whether the terms of the driver’s policy cover the plaintiff-passenger. Pertinent provisions of the policy are:
“PERSONAL INJURY PROTECTION
The Company will pay, in accordance with the Florida Automobile Reparations Reform Act, to or for the benefit of the injured person:
(a) all reasonable medical expenses, and
(b) . . .
(c) . . . expenses, incurred as a re-suit of bodily injury, caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by:
(1) the named insured or any relative while occupying a motor vehicle or, while a pedestrian, through being struck by a motor vehiclé; or
(2) any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle.

Exclusions

This insurance [Personal Injury Protection] does not apply:
}}C
(g) to any person, other than the named insured or any relative, who is entitled to personal injury protection benefits from the owner of a motor vehicle which is not an insured motor vehicle under this insurance or from the owner’s insurer; . . . .”
The passenger contends that the phrase “arising out of . use of a motor vehicle” should be construed so as to grant her coverage. This construction is not supported by the terms of the policy or the Florida Automobile Reparations Reform (No Fault) Act. The phrase appears in paragraph (c) of the personal injury protection provision, but it cannot be extracted and construed on its own. Considering it in the context of the entire provision, paragraphs (a) through (c) including subparagraphs (1) and (2), supra leads us to the conclusion that coverage is not provided for this passenger. The meaning of the provision is that expenses will be paid for bodily injury caused by an accident arising out of use of a motor vehicle and sustained by any other person while occupying the insured motor vehicle. This factual situation does not obtain in the instant case. Our determination of coverage *434 under paragraphs (a) through (c) is further supported by the exclusionary clause hereinabove recited.
The No Fault Act requires that the owner of a motor vehicle have insurance, not the driver. Therefore, the injured passenger, having no insurance of her own, must look to the owner of the motor vehicle for personal injury protection benefits irrespective of negligence.
Reversed.