Oscar OSUALA, Plaintiff and Appellant,

v.

AETNA LIFE & CASUALTY, a corporation, Defendant and Respondent.

No. 16491.

Supreme Court of Utah.

March 4, 1980.

Richard Richards, Ogden, for plaintiff and appellant.

Richard Campbell, Ogden, for defendant and respondent.

CROCKETT, Chief Justice:

Plaintiff Oscar Osuala, an uninsured motorist who was injured in an automobile collision with a truck driven by Clark Olson and owned by Olson Construction Co.,[1] brought this action against the construction company's insurer, Aetna Life & Casualty, to obtain personal injury protection (PIP) benefits under the Utah Automobile No-Fault Insurance Act.[2]

The trial court agreed with the defendant's contention that the plaintiff was neither an insured, nor a person entitled to protection under the insurance policy the defendant had issued on the Olson truck, and consequently granted defendant's motion for summary judgment.

The plaintiff appeals, contending that he is entitled to recover by virtue of section 31–41–6 of the Act:

Every insurance policy . . . shall provide personal injury protection providing for payments to the insured and *to all other persons suffering personal injury arising out of an accident involving any motor vehicle*, except as otherwise provided in this act, in at least the following minimum amounts . . . . .

The plaintiff relies on the general language of that section and asserts that the purpose of our no-fault law is to require everyone to provide coverage for others who might be injured as a result of an automobile accident and that the only exceptions to section 31–41–6 are provided in section 31–41–10,

1. The accident occurred near Ogden on July 12, 1978 when the plaintiff collided with the rear of the truck driven by Mr. Olson.

2. 31–41–1 et seq., U.C.A., 1953.

which he claims are not applicable in this case.[3]

The defendant's sound rejoinder is that the general statement of the above quoted section must be considered in connection with the more specific and limiting language of the next succeeding section, 31–41–7, which reads:

(1) *The coverages described in section 31–41–6 shall be applicable to* :

(a) Personal injuries sustained *by the insured* in an accident in this state involving any motor vehicle.

(b) Personal injuries arising out of automobile accidents occurring in this state *sustained* by any other natural person *while occupying the described motor vehicle* with the consent of the insured or *while a pedestrian* if injured in an accident involving the described motor vehicle. [All emphasis added.]

The defendant's argument is that since Section 7 specifically provides that only three classes of persons are covered, and that the plaintiff falls within none of them, that is, he is neither an insured, nor an occupant of an insured vehicle, nor a pedestrian injured in an accident involving an insured vehicle, he is not entitled to receive no-fault benefits from the insurer of the other vehicle involved (defendant Aetna Life & Casualty Co.).

There are some cardinal rules of statutory construction to be considered in relation to this controversy. If there is doubt or uncertainty as to the meaning or application of the provisions of an act, it is appropriate to analyze the act in its entirety,[4] in the light of its objective, and to harmonize its provisions in accordance with the legislative intent and purpose.[5] A further basic rule to be applied in connection therewith is that specific provisions prevail over more general expressions.[6]

The stated purposes of the No-Fault Insurance Act are to effectuate savings in the ever-increasing costs of automobile insurance, and to minimize the difficulties and hardships that often result from delays in the determination of fault, by providing for expeditious payment to injured persons of certain basic expenses and loss of income (referred to as PIP's) without regard to fault.[7]

In regard to the plaintiff's urgence that the no-fault law is intended to provide coverage for others who might be injured as a result of an automobile accident, it is pertinent to observe that he himself has not met that requirement, because he was driving without insurance. An important aspect of the Act is the requirement that the PIP protections for an injured motorist are to be paid by his own insurer.[8] To permit the plaintiff to violate the Act,[9] and never-

3. That section allows insurers to exclude those persons from coverage who: (1) sustain an injury while occupying another motor vehicle owned by the insured which is not insured under the policy; (2) operate the vehicle either without the expressed or implied consent of the insured or while not in lawful possession of it; and (3) intentionally cause injury to themselves or sustain an injury while committing a felony.

4. *Great Salt Lake Authority v. Island Ranching Co.*, 18 Utah 2d 45, 414 P.2d 963 (1966); *Travelers Indemnity Co. v. Barnes*, Colo., 552 P.2d 300 (1976); *Easom v. Farmers Ins. Co.*, 221 Kan. 415, 560 P.2d 117 (1977); *Matter of Estate of Hutchinson*, Alaska, 577 P.2d 1074 (1978).

5. *Jamison v. Utah Home Fire Ins. Co.*, Utah, 559 P.2d 958 (1977).

6. *Western Auto Supply Co. v. Oklahoma Tax Comm'n*, Okl., 328 P.2d 414 (1958); *Matter of Estate of Hutchinson*, supra, note 5.

7. See statement in 31–41–2.

8. See statements in Am.Jur.2d New Topic Service, No-Fault Insurance, sections 1, 2, and 8; *Jones v. Transamerica Ins. Co.*, Utah, 592 P.2d 609 (1979); *Pinnick v. Cleary*, 360 Mass. 1, 271 N.E.2d 592 (1971); *Newcomb Hospital v. Fountain*, 141 N.J.Super. 291, 357 A.2d 836, 837 (1976); *Marc-Charles v. Krug*, 93 Misc.2d 603, 403 N.Y.S.2d 658 (1978). This is said in awareness that, under Section 31–41–11, this responsibility may be ultimately shifted to a wrongdoer who causes the injury.

9. 31–41–4(1) requires every resident owner of a motor vehicle to have no-fault coverage. That a failure to do so is a misdemeanor, see 31–41–13(1).

theless insist upon compensation from the other motorist's insurer, regardless of fault, would reward him for his wrong, and would tend to defeat the purposes of the Act.

On the basis of our discussion herein as to the rules of statutory construction, and of the purposes of the No-Fault Act, it is our conclusion that the trial court was correct in its ruling that the plaintiff was not covered by the policy of insurance issued by the defendant to the Olson Construction Company, and in dismissing plaintiff's complaint.

Affirmed. Costs to defendant.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.