ORFINGER, Chief Judge.
This is an appeal from a final judgment awarding appellees, plaintiffs below, per *504 sonal injury protection (PIP) benefits under a policy of insurance issued to appellant Ronald J. Julian by Allstate Insurance Company (Allstate) in the State of Massachusetts. We reverse.
Appellees Johnson and Parris filed suit against Julian and Allstate, alleging in substance, that on the day in question Julian was operating a motor vehicle owned by one Larry Corbin, bearing Massachusetts license plates, with Corbin’s knowledge and consent, and while so operating the motor vehicle in Holly Hill, Florida, carelessly and negligently caused it to collide with plaintiffs, then pedestrians, as a result of which plaintiffs suffered permanent injury. Count I of the complaint requested recovery of tort damages. Count II alleged that the driver Julian had a policy of insurance with Allstate, issued in the state of Massachusetts, which provided PIP benefits “in accordance with the terms of the policy”; that plaintiffs had demanded such benefits but that payment thereof had been refused. PIP benefits under the policy were demanded in this count.
The liability claims (Count I) were ultimately settled and the issues of PIP coverage were presented to the trial court without a jury on the following stipulated facts:
A. At the time of the accident which is the subject of this claim for personal protection benefits under an Allstate automobile insurance policy issued to Ronald J. Julian, Ronald J. Julian was not driving his own car but was driving a car owned by Larry Corbin.
B. The plaintiffs, Robert Johnson, Jr., and Richard Parris, were Florida residents at the time of this accident.
C. The plaintiffs were pedestrians at the time of this accident.
D. Allstate Insurance Company issued a policy to Ronald J. Julian in the Commonwealth of Massachusetts, according to Massachusetts law, and at a time when Ronald J. Julian was a resident of the Commonwealth of Massachusetts.
E. The policy provides personal injury protection benefits to Ronald J. Julian and others, but the provision of such benefits is subject to any and all provisions, limitations, exclusions governing the payment of such benefits.
The issues remaining to be determined by the court were set forth by the parties as follows:
A. Whether personal injury protection coverage, and the benefits thereunder, are available to the plaintiffs or whether such coverage is excluded by the terms, language and provisions of said policy.
B. If coverage is provided to plaintiffs, • what is the amount of coverage available to plaintiffs?
On the. basis of the stipulated facts and the insurance policy and medical bills stipulated into evidence, the trial court entered judgment for Johnson in the amount of $10,000, and for Parris in the amount of $1360.64. Allstate contends that the insurance policy issued to Julian does not provide coverage for the PIP damages awarded, and we agree.
The insurance policy in question is a Massachusetts policy, issued to a Massachusetts resident (Julian) and covering an automobile registered in Massachusetts, owned by Julian. The insured automobile is not the automobile driven by Julian at the time of the accident in question. The policy is an “easy to read” contract written exclusively for the Massachusetts automobile owner. It is divided into two parts: compulsory insurance required under Massachusetts law of all automobiles registered in Massachusetts and optional insurance coverage which provides additional coverage not found under the compulsory section, but which is not required by the State of Massachusetts.
The compulsory insurance section is divided into four parts: bodily injury to others; personal injury protection; bodily injury caused by an uninsured auto; and damage to someone else’s property. The most significant provision of these four to the facts of the instant case is part two on *505 PIP coverage which provides in pertinent part:
We will pay the benefits described below to you and other people injured or killed in auto accidents. For any one accident, we will pay as many people as are injured, but the most we will pay for injuries to any one person is $2,000. This is the most we will pay no matter how many autos or premiums are shown on the Coverage Selections page.
* * * * ⅜: *
We will pay PIP benefits to or for:
3. Any pedestrian, including you, if injured by your auto in Massachusetts, or any Massachusetts resident who, while a pedestrian, is struck by your auto outside of Massachusetts.
It is clear that no PIP coverage is provided to appellees under the quoted portion of the policy and the stipulated facts here. But, say appellees, there is optional coverage under the policy providing both additional bodily injury coverage to others and additional medical payment coverage, which portion of the policy has this provision:
Some other states and Canadian provinces require visiting autos to have higher amounts of bodily injury or property damage coverage than you may have purchased. But, if you have purchased any coverage at all under this Part, we will automatically provide the required higher coverage.
Thus, appellees contend that if the defendant or insured vehicle was taken out of Massachusetts to another state, or to Canada, then the policy issued in Massachusetts would conform to the minimum PIP requirements of that state.
We cannot put new language into this contract and make it apply to PIP coverage when by its very terms, the extension applies only to bodily injury coverage and property damage coverage. These coverages are clearly distinct from PIP coverage under the policy terms.
Appellant contends that we have a “choice of law” problem here and that we should apply Massachusetts law, citing Aetna Casualty and Surety Company v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972), and Allstate Insurance Co. v. Langston, 358 So.2d 1387 (Fla. 3d DCA 1978) in support, because the policy fully complies with the law of that state. Appellee says that choice of law is not involved here because this case is “simply an interpretation of an insurance policy to decide whether or not the policy conforms to the minimum statutory insurance requirements of the State of Florida on the date of the accident.”
Florida public policy, as expressed by its statutory law, does not support the judgment,- because the Florida statutory requirements for PIP coverage, by their very terms, do not require Florida PIP coverage under the facts of this case. Section 627.-731, Florida Statutes (1981), applies the No-Fault Act to motor vehicles “registered in this state.” The vehicle here was registered in Massachusetts. The No-Fault Act requires that the owner of the vehicle have insurance coverage, not the driver. See Protective National Insurance Company of Omaha v. Padron, 310 So.2d 432 (Fla. 3d DCA 1975). Section 627.733(2), Florida Statutes (1981), requires that non-resident owners of motor vehicles which have been physically present in the state for more than 90 days during the preceding 365 days shall thereafter maintain security as required by law. The stipulated facts do not show this out-of-state vehicle to have been in this state during such period. Finally, section 627.736(1), Florida Statutes (1981), says:
Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, x-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, and nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and *506 suffering bodily injury while not an occupant of a self-propelled vehicle, all as specifically provided in subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle ... [Emphasis supplied].
Since neither the subject vehicle nor the appellant driver were required to have the PIP coverage under section 627.733(2), then section 627.736(1), likewise does not apply. Therefore, even if we apply Florida law, that law does not provide for PIP coverage under the stipulated facts.
Plaintiffs have their remedy under usual tort principles, which they have already exercised. They were not entitled to PIP benefits as well, so the judgment is erroneous and is reversed, with directions to enter judgment for appellants.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.