Chris Sorenson FORBES and Randy Coombs Forbes, individually and as guardians and natural parents of Nicole Lynn Forbes, Plaintiffs and Appellants,

v.

ST. MARK'S HOSPITAL, a Utah corporation, Don Van Steeter, M.D., Toshiko Toyota, M.D., and John Does 1 through 20, Defendants and Respondents.

No. 20713.

Supreme Court of Utah.

May 3, 1988.

Bryan L. McDougal, Salt Lake City, for plaintiffs and appellants.

Carman E. Kipp, Gregory J. Sanders, Salt Lake City, for St. Mark's Hosp.

Stewart M. Hanson, Jr., Francis J. Carney, Salt Lake City, for Don Van Steeter, M.D.

P. Keith Nelson, Salt Lake City, for Toshiko Toyota, M.D.

HALL, Chief Justice:

Plaintiffs appeal the summary judgment of the district court which dismissed their medical malpractice action on the ground that it was time barred by Utah Code Ann. § 78-14-4 (1987).

Two statutory provisions govern the commencement of medical malpractice actions. Utah Code Ann. §§ 78-14-4 and -8 (1987) provide in part:

78–14–4.  Statute of Limitations–Exceptions–Application.

(1) No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect or occurrence....

78–14–8.  Notice of Intent to Commence Action.

No malpractice action against a health care provider may be initiated unless and until the plaintiff gives the prospective defendant or his executor or successor, at least ninety days' prior notice of intent to commence an action....  If the notice is served less than ninety days prior to the expiration of the applicable time period, the time for commencing the malpractice action against the health care provider shall be extended to 120 days from the date of service of notice.

The facts in the instant case are not in dispute.  The alleged malpractice occurred on March 1, 1981, but was not discovered until November 27, 1982;[1] the notice of intent to commence an action was served on November 20, 1984; and the action was commenced on March 12, 1985.  Thus, the limitation period, absent any extension, would have expired on November 27, 1984 —two years after the date of discovery. The four-year statutory period, absent any extension, would have expired on March 1, 1985—four years after the date of the alleged malpractice.

The notice of intent was served seven days before the expiration of the two-year limitation period, and in its memorandum decision, the trial court concluded that service of the notice of intent to commence the action less than ninety days prior to the expiration of the two-year statute of limita-tions extended that limitation period 120 days from the date of service to March 20, 1985.  It further concluded that service of the notice did not extend the four-year statutory period because it was not served less than ninety days prior to its expiration date of March 1, 1985.

The issue presented for determination is whether a notice of intent to commence an action served less than ninety days prior to the expiration of the two-year limitation period, but not less than ninety days prior to the expiration of the four-year limitation period, extends both periods or only the two-year limitation period.  The issue being limited to one of law, namely, one of statutory interpretation, no deference need be given the conclusions reached by the trial court.[2]

Section 78–14–8 provides in plain, unambiguous language that when the notice of intent is served "less than ninety days prior to the expiration of the applicable time period, the time for commencing the malpractice action ... shall be extended 120 days from the date of service of notice." An avowed purpose of the Utah Health Care Malpractice Act is to provide procedural changes to expedite early evaluation and settlement of claims.[3]  The ninety-day notice requirement serves that purpose by affording a sufficient period of time for each of the parties to evaluate and consider settlement of the claim.  The same purpose is served by the 120–day extension which is imposed whenever the notice served would otherwise diminish the time allotted for evaluation and settlement of the claim.

The language of section 78–14–8 is explicit in providing that "the time for commencing the malpractice action ... *shall* be extended 120 days from the date of service of notice." (Emphasis added.)  In order to construe the language of the statute not to extend both limitation periods, it becomes

---

1. The two-year provision in section 78–14–4 "does not commence to run until the injured person knew or should have known that he had sustained an injury and that the injury was caused by negligent action." *Foil v. Ballinger,* 601 P.2d 144, 148 (Utah 1979).

2. *See Ashton v. Ashton,* 733 P.2d 147, 150 (Utah 1987); *Gonzales v. Morris,* 610 P.2d 1285, 1286 (Utah 1980).

3. Utah Code Ann. § 78–14–2 (1987); *Allen v. Intermountain Health Care, Inc.,* 635 P.2d 30, 31–32 (Utah 1981).

necessary to impose conditions and qualifications the legislature did not see fit to impose. That we decline to do. Rather, we follow the well-accepted rules of statutory construction that the provisions must be harmonized with the legislative intent and purpose [4] and that the more specific provisions of section 78–14–8 take precedence over and control the more general provisions of section 78–14–4.[5]

Respondents concede that it was necessary for plaintiffs to extend the two-year statute of limitations, but advance the contention that it was never necessary that the four-year statutory time period be extended, and hence, it was not the "applicable time period" delineated in section 78–14–8. In support of their contention, they indicate that plaintiffs could have filed their action during a "window" period which opened on February 19, 1985, after the ninety-day notice period expired and continued for ten days until March 1, 1985, when the four-year statutory period expired. We are not so persuaded. Rather, we are again guided by the specific language of the statute which prompts the conclusion that a notice of intent served less than ninety days before the expiration of the two-year statute of limitations, but not less than ninety days before the expiration of the four-year statutory period, extends both periods of time for 120 days.

The conclusion we reach makes the 120-day extension meaningful, and it also places a harmonious interpretation in the statute [6] which effects the objects thereof and promotes justice [7] by precluding it from becoming a procedural trap for the unwary.

The summary judgment of dismissal is vacated and set aside, and the case is remanded for trial. Costs to plaintiffs.

4. *Osuala v. Aetna Life & Cas.*, 608 P.2d 242, 243 (Utah 1980).

5. *Id.; Millett v. Clark Clinic Corp.*, 609 P.2d 934, 935–36 (Utah 1980).

6. "It is ... our duty to construe a statutory provision so as to make it harmonious with

HOWE, Associate C.J. and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

other statutes relevant to the subject matter." *Stahl v. U.T.A.*, 618 P.2d 480, 481 (Utah 1980); *accord State v. Leary*, 646 P.2d 727, 729 (Utah 1982).

7. *See* Utah Code Ann. § 68–3–2 (1987).