**Michael H. McCAFFERY, as personal representative for and on behalf of Christopher M. McCAFFERY, deceased, Plaintiff and Appellant,**

v.

**Terry Raymond GROW, as personal representative of Rodney V. Grow, deceased, Terry Raymond Grow and Pat Grow, individually, and State Farm Mutual Automobile Insurance Company, Defendants and Respondents.**

No. 880566–CA.

Court of Appeals of Utah.

Feb. 16, 1990.

**902**

James R. Brown and Harold L. Reiser, Salt Lake City, for plaintiff and appellant.

Darwin C. Hansen and John C. Hansen, Bountiful, for defendants and respondents.

Before GARFF, GREENWOOD and ORME, JJ.

ORME, Judge:

Appellant Michael H. McCaffery appeals from a summary judgment order dismissing his claim against respondent insurance company for personal injury protection benefits. We affirm.

## FACTS

The facts are essentially undisputed in this case. On August 27, 1986, a group of high school students attended a "last summer fling" drinking party in East Canyon. Sometime during the party, Christopher McCaffery, Rodney Grow, and Michael Quintana went joyriding up and down East Canyon in an automobile owned by Michael Morris, without his knowledge or permission. While Rodney Grow was driving the vehicle, he lost control and crashed into a tree. The three young men were killed.

The automobile was not insured. Moreover, it appears that neither Christopher McCaffery, nor his parents with whom he resided, had automobile insurance. Rodney Grow and his mother, who had signed Rodney's driver's license application, were insureds of respondent State Farm Mutual Automobile Insurance Company ("State Farm") at the time of the accident.

Michael McCaffery ("McCaffery") brought suit against several defendants on behalf of his late son Christopher's estate. He claimed that Rodney Grow was liable, and so sued his father and personal representative, Terry Grow. He claimed Pat Grow, Rodney's mother, was jointly and severally liable because she signed Rodney's driver's license application and Rodney Grow was still a minor at the time of his death. He claimed that State Farm was responsible as the insurer of Rodney Grow.

McCaffery settled all claims against all defendants except for his claim for personal injury protection ("PIP") benefits against State Farm. State Farm moved for summary judgment on this claim. It argued that neither its insurance policy nor the law requires the payment of PIP benefits to a passenger injured in an automobile which is not covered by the policy, even though driven by an insured, where the insured does not have the permission of the owner. The district court agreed and granted State Farm summary judgment.

On appeal, McCaffery raises several arguments. Although he did not himself see fit to secure the insurance required by the same law, he claims that the State Farm policy impermissibly denies PIP benefits in contravention of Utah's insurance code and public policy. He asserts that the language in the insurance policy is ambiguous and should be construed against State Farm to allow recovery of PIP benefits. He argues that State Farm should pay the PIP benefits because it also insured Pat Grow, who was liable as the signor of Rodney's motor vehicle license application. Finally, McCaffery argues that he is entitled to subrogation from State Farm for the expenses he incurred as a result of Grow's negligence.

## DENIAL OF PIP BENEFITS

■ The motor vehicle insurance sections of Utah's insurance code require every insurer to include liability coverage, uninsured motorist coverage, and PIP coverage in their motor vehicle insurance policies. *See* Utah Code Ann. § 31A–22–302 (1989). The code extends PIP coverage to individuals described in Utah Code Ann. § 31A–22–308 (1986) and prevents the insurer from excluding PIP benefits to those

persons except in seven narrowly defined situations. *See* Utah Code Ann. § 31A–22–309 (1989).[1]

McCaffery focuses his argument on the exclusionary provision set forth in section 309, relying on *State Farm Mut. Auto. Ins. Co. v. Mastbaum*, 748 P.2d 1042 (Utah 1987), and *Farmers Ins. Exch. v. Call*, 712 P.2d 231 (Utah 1985). These cases held that an insurance company could not create an exclusion which would prevent a resident family member of the insured from recovering PIP benefits under the insured's policy.

In response to McCaffery's position, State Farm argues the issue is not one of *exclusion* from coverage. Rather, State Farm argues that, unlike the plaintiffs in *Mastbaum* and *Call*, Christopher McCaffery was never *included* in the class of insureds. *See Osuala v. Aetna Life & Cas.*, 608 P.2d 242, 243 (Utah 1980). *See also Protective Nat'l Ins. Co. v. Padron*, 310 So.2d 432, 433 (Fla.Dist.Ct.App.1975). We agree.

The insurance code provides that "[e]very policy of insurance or combination of policies, purchased to satisfy the owner's or operator's security requirement ... shall also include personal injury protection under sections 31A–22–306 through 31A–22–309." Utah Code Ann. § 31A–22–302(2) (1989). Section 306 then states that "[p]ersonal injury protection under Subsection 31A–22–302(2) provides coverages and benefits ... to persons described under *§ 31A–22–308*, but is subject to the limitations, exclusions, and conditions set forth in

§ 31A–22–309." Utah Code Ann. § 31A–22–306 (1986) (emphasis added). Thus, we must first look to section 308 to determine who is within the scope of the PIP coverage and benefits provided for by law.

Section 308 provides:

The following may receive benefits under personal injury protection coverage:

(1) *the named insured and persons related to the insured* by blood, marriage, adoption, or guardianship *who are residents of the insured's household,* including those who usually make their home in the same household but temporarily live elsewhere, when injured in an accident in Utah involving any motor vehicle; and

(2) *any other natural person* whose injuries arise out of an automobile accident occurring in Utah while the person occupies a *motor vehicle described in the policy* with the express or implied consent of the named insured or while a pedestrian if he is injured in an accident involving the *described motor vehicle.*

Utah Code Ann. § 31A–22–308 (1986) (emphasis added). As concerns the subject State Farm policy, McCaffery does not, nor could he, claim that Christopher falls within the ambit of section 308. Christopher was not a relative of the Grows who resided with them nor was he killed while riding in the Grow vehicle insured by State Farm. Thus, the law did not require State Farm to extend PIP benefits to someone in Christopher's position.[2]

---

**1.** When this controversy arose the code only contained four narrowly defined situations in which the insurer could exclude PIP benefits. The code provided:

Any insurer issuing personal injury protection coverage under this part may only exclude from this coverage benefits:

(i) for any injury sustained by the insured while occupying another motor vehicle owned by the insured and not insured under the policy;

(ii) for any injury sustained by any person while operating the insured motor vehicle without the express or implied consent of the insured or while not in lawful possession of the insured motor vehicle; or

(iii) to any injured person, if the person's conduct contributed to his injury:

(A) by intentionally causing injury to himself; or

(B) while committing a felony.

Utah Code Ann. § 31A–22–309(2)(a) (1986).

**2.** McCaffery argues that public policy requires the extension of PIP benefits and coverage to all innocent victims of automobile accidents. It is true that the No–Fault Act was adopted in order to protect the rights of innocent accident victims. *Farmers Ins. Exch. v. Call*, 712 P.2d 231, 235 (Utah 1985). However, "[a]n important aspect of the Act is the requirement that the PIP protections for an injured motorist are to be paid by his own insurer." *Osuala v. Aetna Life & Cas.*, 608 P.2d 242, 243 (Utah 1980). It is

Nor does State Farm's policy purport to extend PIP benefits to Christopher. The policy stated, in the No–Fault section, that State Farm would "pay in accordance with the *No–Fault Act* for *bodily injury* to *insured* caused by accident resulting from the maintenance or use of a *motor vehicle* as a *motor vehicle.*" On the page immediately following this language, the policy defined insured to mean, with our emphasis,

1. *you, your spouse* or any *relative*:

   ....

   ... and

2. any other *person*:

   a. while *occupying your car* or a *newly acquired car* with the permission of:

      (1) *you, your spouse,* any *relative;* or

      (2) the *person,* driving such *car* with *your* permission; or

   b. when struck as a *pedestrian* by *your car* or a *newly acquired car.*

The language in these provisions is no more expansive than that in section 308. Thus, neither the law nor the particular policy in question purport to extend PIP benefits to persons in Christopher McCaffery's position. We hold that McCaffery is not entitled to PIP coverage under the State Farm policy covering Rodney Grow.

## AMBIGUITY OF POLICY

■ McCaffery asserts that the language of the insurance policy is ambiguous and should be construed to allow McCaffery to recover PIP benefits. This argument is without merit.

To illustrate his argument, McCaffery cites *State Farm Mut. Auto. Ins. Co. v. Eastman,* 158 Cal.App.3d 562, 204 Cal. Rptr. 827 (1984). In *Eastman,* the California court determined that language in the liability portion of a policy was ambiguous and could reasonably be read to extend coverage to appellant. The court concluded that, when ambiguous, language should be read "in its most inclusive sense, for the

benefit of the insured." 204 Cal.Rptr. at 830 (quoting *Continental Cas. Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423, 296 P.2d 801, 810 (1956)).

Utah courts embrace the rule of law stated in *Eastman. See, e.g., LDS Hosp. v. Capitol Life Ins. Co.,* 765 P.2d 857, 861 (Utah 1988) ("any ambiguity must be resolved in favor of the insured and in favor of coverage"). However, McCaffery has not shown any ambiguity within the PIP section of the policy. Rather, McCaffery refers us to language in the liability portion of the policy which was similar to language in the policy in *Eastman.* He then implies that because language might have been ambiguous in the liability section of the policy we should find the entire policy to be ambiguous and allow recovery under the PIP section. This does not follow. McCaffery has settled any claims he had under the liability section of the policy. The only issue properly before us in this appeal is the entitlement to PIP benefits under the PIP section of the policy. McCaffery has not demonstrated any relevant ambiguity in that portion of the policy. On the contrary, the policy—clearly and unambiguously—does not include Christopher McCaffery within the scope of coverage for PIP benefits.

## PAT GROW'S LIABILITY AS SIGNOR OF RODNEY GROW'S LICENSE APPLICATION

■ McCaffery argues that Pat Grow is jointly and severally liable for the damage caused by her minor child, Rodney, under Utah Code Ann. § 41–2–115(2) (1988), which provides:

Any negligence or willful misconduct of a minor younger than 18 years of age when operating a motor vehicle upon a highway is imputed to the person who has signed the application of the minor for a permit or license. This person is jointly and severally liable with the minor for any damages caused by the negligence or willful misconduct....

He further argues that State Farm, as Pat Grow's insurer, is ultimately liable for

pertinent to note that the Legislature contemplated protection for Christopher McCaffery in the instant situation through the insurance poli-

cy the McCafferys should have acquired on their own automobile. *See id.*

these costs and should pay the PIP benefits.

In response to this assertion, State Farm raises several arguments. However, we need only address one argument which is dispositive of the issue. In order to reach State Farm on this theory, McCaffery must first prove the liability of Pat Grow under § 41–2–115(2). Prior to summary judgment, the various parties to the action reached a stipulation to dismiss McCaffery's complaint against all of the defendants except State Farm and to dismiss all claims against State Farm except for the claim concerning PIP benefits. Thereafter, the court dismissed the various claims with prejudice. McCaffery has settled his claims against Pat Grow and cannot now resurrect them in the guise of a further claim against State Farm—especially where the only claim expressly reserved as against State Farm is that concerning PIP benefits.

## STATE FARM'S DUTY TO INDEMNIFY MICHAEL McCAFFERY

 Finally, McCaffery apparently argues that State Farm is ultimately liable at least for certain sums he actually expended by reason of Christopher's death. He relies on section 309(6) of the insurance code, which at the time of the accident was phrased as follows:

> Every policy providing personal injury protection coverage shall provide:
>
> (a) that where the insured under the policy is or would be held legally liable for the personal injuries sustained by any person to whom benefits required under personal injury protection have been *paid* by *another insurer*, including the Workers' Compensation Fund of Utah, the insurer of the person who would be held legally liable shall reimburse the other insurer for the payment, but not in excess of the amount of damages recoverable; and

> (b) that the issue of liability for that reimbursement and its amounts shall be decided by mandatory, binding *arbitration between the insurers.*

Utah Code Ann. § 31A–22–309(6) (1986) (emphasis added). McCaffery cannot prevail under this statutory provision.

In order to invoke the provisions of section 309(6), the individual who initially pays the amounts for which PIP benefits are also available must be "another insurer." Although McCaffery correctly observed at oral argument that the law allows a person to provide his or her own security in place of automobile insurance,[3] to do so does not make one "an insurer" within the meaning of the statute. According to Utah Code Ann. § 31A–1–301(48)(a) (1989), " '[i]nsurer' means any person doing an insurance business as a principal." McCaffery does not claim, and the facts do not suggest, that he was a "principal" "doing an insurance business" when he paid Christopher's medical bills and the like. Section 31A–22–309(6) simply does not contemplate arbitration between an uninsured victim's father and another's insurance company.[4]

## CONCLUSION

McCaffery is not entitled to PIP benefits and coverage under either the Utah insurance code or the particular policy with State Farm. Moreover, he is not entitled to proceed against State Farm under § 41–2–115(2) because he stipulated to the release of any claim he might have had against Pat Grow. Finally, he may not seek subrogation from State Farm under § 31A–22–309(6) because he is not "an insurer" within the meaning of the statute. In all respects, we affirm.

GARFF and GREENWOOD, JJ., concur.

---

3. *See* Utah Code Ann. § 41–12a–301 to –412 (1988). However, McCaffery does not contend he actually complied with these provisions.

4. We note that even if we were to find that § 31A–22–309(6) was available to McCaffery, this court would not be the correct forum in which to pursue his claim. The statute specifies arbitration as the proper recourse.