**CITICORP MORTGAGE, INC.,
Plaintiff and Appellant,**

v.

**Wayne E. HARDY, Defendant
and Appellee.**

**No. 910035.**

Supreme Court of Utah.

June 2, 1992.

Bryan C. Robinson, Steven D. Brantley, Murray, for Citicorp.

R. Clark Arnold, Salt Lake City, for Hardy.

HALL, Chief Justice:

Plaintiff Citicorp Mortgage, Inc., appeals from the order of the Third Judicial District Court dismissing its complaint for a deficiency judgment against defendant Wayne E. Hardy.

■ In reviewing the dismissal of a complaint, this court affirms the grant of dismissal only if, as a matter of law, the plaintiff could not recover under the facts alleged. In considering the factual allegations in the complaint and other pleadings submitted to the trial judge, we accept them as true and consider them and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff.[1] Our recitation of the facts follows this standard. On September 26, 1985, defendant Hardy executed a note and trust deed in favor of Richards–Woodbury Mortgage Corporation as beneficiary. Richards–Woodbury subsequently assigned the note and trust deed to plaintiff. On August 5, 1987, Hardy filed a petition for relief under chapter 7 of the Bankruptcy Code. Prior to May 1988, Hardy became delinquent on payments owed to plaintiff under the note and trust deed. Plaintiff obtained an order from the bankruptcy court on May 4, 1988, granting relief from the automatic stay, and filed a notice of default with the Salt Lake County Recorder on May 27, 1988. Plaintiff proceeded with the foreclosure and completed the proceedings with a trustee's sale on September 28, 1988. The property sold for $41,300 at the trustee's sale. The appraised value of the property at the time of the sale was $74,900, which was less than the amount owed by Hardy under the note and trust deed.

At a hearing on April 21, 1989, the bankruptcy court denied Hardy's request for

---

1. *Golding v. Ashley Central Irr. Co.,* 793 P.2d 897, 898 (Utah 1990); *Lowe v. Sorenson Research Co.,* 779 P.2d 668, 669 (Utah 1989).

discharge, finding that Hardy had fraudulently made a false oath in connection with the bankruptcy. On May 15, 1989, the bankruptcy court filed notice that Hardy's petition for discharge was denied and that the automatic stay was lifted. On June 27, 1989, forty-three days after the denial of discharge was filed, plaintiff filed its complaint seeking a deficiency judgment against Hardy in the state district court.

On December 18, 1989, the case came for hearing on the trial court's dismissal calendar, and the trial court sent notice by minute entry that the case would be dismissed for failure to prosecute. The minute entry offered the following grounds for dismissal: Defendant had not yet been served with process and there was no indication that process had been issued in a timely fashion, and the action for deficiency judgment was brought more than three months after the trustee's sale upon the property. Plaintiff responded to the minute entry by providing proof of timely issuance of process for service upon defendant and by advising the court of defendant's bankruptcy proceeding, which was argued to prevent the statute of limitations from running on plaintiff's deficiency action.

Defendant was served with process on April 12, 1990, but failed to file an answer or respond to the complaint. Plaintiff filed a default certificate and default judgment with the court. The trial judge refused to sign the certificate and default judgment and on December 18, 1990, filed a memorandum decision and order dismissing plaintiff's complaint with prejudice. The court based the dismissal on the time limitations for filing a deficiency action under Utah Code Ann. § 57–1–32, noting that plaintiff had not filed its deficiency action

within three months of the trustee's sale, although the relief from stay allowed plaintiff to pursue its remedies under state law. Plaintiff thereafter filed this appeal, claiming three points of error: (1) The trial court improperly asserted an affirmative defense on behalf of defendant, (2) the trial court improperly failed to consider the provisions of Utah Code Ann. § 78–12–41 and 11 U.S.C. § 362 of the Bankruptcy Code, and (3) the trial court failed to address the public policy issue of potentially abusive bankruptcy filings for the purpose of avoiding legitimate deficiency actions after nonjudicial foreclosures. The parties stipulated to dismissal of plaintiff's first claim on appeal prior to oral argument. We are therefore left with the second two claims.

■ The dispositive issue presented is one of law, namely, how do the provisions of the Bankruptcy Code and the Utah Code operate regarding statutes of limitation during the pendency of bankruptcy claims? Hence, the standard of review is that of error correction, and we give no deference to the conclusions reached by the trial court.[2]

Defendant agrees that during the pendency of his bankruptcy proceeding, the automatic stay provisions of 11 U.S.C. § 362 barred plaintiff from filing suit on the deficiency claim. Defendant argues, however, that 11 U.S.C. § 108(c)[3] governed the time limit for filing the deficiency action once his petition for discharge was denied. He argues that plaintiff had only thirty days from the time of the denial in which to file its deficiency action.

Plaintiff's responsive argument is that section 108(c) must be read in conjunction with Utah Code Ann. § 78–12–41[4] in order

**2.** *Forbes v. St. Mark's Hospital,* 754 P.2d 933, 934 (Utah 1988).

**3.** This statute provides:
(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title,

and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of termination or expiration of the stay under section 362....

**4.** This statute reads:
When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction

to determine the true limitations period. According to plaintiff's argument, section 108 allows state statutes of limitation to define whether a time limit is extended or suspended by the automatic stay. Plaintiff argues that section 78–12–41 operates to suspend the time limit for the period during which the automatic stay is in effect, thus allowing the entire time period remaining on the claim to begin running when the automatic stay is lifted.

In the usual case, a plaintiff would have been free to file a deficiency action any time within three months following the trustee's sale.[5] However, by reason of the stay provisions of the Bankruptcy Code, creditors are precluded from instituting any action detrimental to the bankruptcy estate prior to termination or expiration of the stay.[6]

Section 108(c) of the Bankruptcy Code provides in plain, unequivocal language that a period of time fixed for commencing or continuing a civil action unrelated to the bankruptcy proceeding "does not expire until the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice for termination or expiration of the stay...." Because the petition in bankruptcy was filed prior to the time the deficiency action arose, application of alternative (2) would result in a shorter limitations period in this case. Therefore, it is clear that alternative (1) applies as the later alternative, and since no part of the statutory three-month period provided for filing a deficiency claim had run prior to the filing of the petition in bankruptcy, plaintiff's deficiency action was timely filed.

Utah Code Ann. § 78–12–41 bears directly upon the issue presented, and its substance is wholly consistent with like provisions of the Bankruptcy Code. In similar plain and unequivocal language, the statute provides, "When the commencement of an action is stayed by injunction or a statutory prohibition the time of the continuance or

prohibition is not part of the time limited for the commencement of the action." Thus, under both the Bankruptcy Code and our own statute, plaintiff's deficiency action was timely filed.

In regard to the public policy considerations advanced by plaintiff, the foregoing analysis of the applicable statutory provisions has the effect of alleviating the potential for abusive filings of bankruptcy proceedings to defeat legitimate deficiency actions on statute of limitations grounds.

Reversed and remanded for trial.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**5.** Utah Code Ann. § 57–1–32.

or prohibition is not part of the time limited for the commencement of the action.

