VAN NORTWICK, J.
G. Marion Harris appeals a final summary judgment determining that his automobile insurance policy issued by appellee, Cotton States Mutual Insurance Company (Cotton States), did not provide personal injury protection (PIP) coverage for injuries he received in an accident which occurred in Louisiana when he was a passenger in a rental vehicle being driven by his wife. We agree with the trial court that the unambiguous language of the Florida endorsement to the Cotton States policy did not provide PIP coverage for an accident which occurred outside Florida when the insured is occupying a rental vehicle. Accordingly, we affirm.
Appellant and his wife were named insureds under the Cotton States policy. The policy was in full force and effect on May 11, 1999, when Mrs. Harris rented a motor vehicle in Gainesville, Florida, from Avis Corporation as a temporary substitute for the Harris’ car covered by the policy. Pursuant to section 627.7263, Florida Statutes (1999), the vehicle rental contract specified in bold type on its face that the driver’s policy provides primary coverage for the limits of liability and personal injury protection coverage required by section 324.021(7) and section 627.736, Florida Statutes.[1] On May 15, 1999, Mrs. Harris was driving when the rented vehicle was involved in an accident at or near an exit ramp on an interstate highway in Louisiana.
The Harris’ policy provides coverage, among other things, for bodily injury liability, property damage liability, medical payments, uninsured motorist bodily injury, and PIP. The policy defines the “covered auto,” in pertinent part, as any vehicle shown in the declarations page and, among other things, “[a]ny auto ... you do not own while used as a temporary substitute” for the vehicle shown on the declarations page, if such vehicle was out of service as a result of such causes as breakdown, repair or servicing. With some limitations not applicable here, the policy generally provides coverage for accidents that occur within or outside of the State of Florida.
The Harris’ policy also incorporates an endorsement entitled “Florida Amendato-ry Endorsement — Automobile” which expressly amends the terms of the policy. This endorsement includes a section which sets forth the provisions expressly governing the PIP coverage. The scope of the coverage under the PIP provisions is more narrow than under the policy generally. For example, the PIP provisions define the “insured motor vehicle” as “a motor vehicle ... of which the named insured is the owner....” Further, relevant here, the PIP provisions define the “policy territory” by limiting coverage, as follows:
*1213 The insurance under this Section [the PIP provisions] applies only to accidents which occur during the policy period:
(a) in the State of Florida; and
(b) as respects the named insured or a relative, while occupying the insured motor vehicle outside the State of Florida but within the United States of America, its territories or possessions or Canada; and
(c) as respects the named insured while occupying a motor vehicle of which a relative is the owner and for which security is maintained under the Florida Motor Vehicle No-Fault Law, as amended, outside the State of Florida but within the United States of America, its territories or possessions or Canada.
In addition, the PIP provisions contain the following “Special Provision for Rented or Leased Vehicles”:
Notwithstanding any provision of this coverage to the contrary, if a person is injured while occupying, or through being struck by, a motor vehicle rented or leased under a rental or lease agreement which does not specify otherwise in bold type on the face of such agreement, the personal injury protection coverage afforded under the lessor’s policy shall be primary.
As already noted, the Avis rental policy provides in bold print that responsibility for PIP coverage for the rental car is shifted from Avis, the rental car owner, to Mr. Harris’ insurance carrier, Cotton States.
Section 627.736(1) and (4)(d), Florida Statutes (1999), sets forth the PIP coverage required in Florida insurance policies and, in subparagraph (1) and (4)(d) provides, in pertinent part, as follows:
(1) REQUIRED BENEFITS.-Every insurance policy complying with the security'requirements of s. 627.733 shall provide personal injury protection to the named insured, ... subject to the provisions of subsection (2) and paragraph (4)(d) ...
(4)(d) The insurer of the owner of a motor vehicle shall pay personal injury benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
2. Accidental bodily injury sustained outside this state, but' within the United States of America or its territories or possessions or Canada, by the owner while occupying the owner’s motor vehicle.
The issue here required the trial court and requires this court to interpret the language of the Cotton States insurance policy to determine the extent of PIP coverage under the policy. We do not address the extent of any other coverage under the policy. In deciding this issue, we are required to apply the plain meaning of the unambiguous language in the PIP provisions in the Florida endorsement to the policy. See Quality Imports, Inc. v. St. Paul Fire & Marine Ins. Co., 566 So.2d 293, 295 (Fla. 1st DCA 1990). That endorsement specifically provides that there will be no PIP coverage for injury to the insured outside the State of Florida, unless the insured is occupying either a vehicle owned by the insured or a vehicle owned by the insured’s relative for which security is maintained under the Florida No Fault Law. This language of the endorsement is entirely consistent with the requirements of subsection 627.736(4)(d).
Mr. -.Harris argues that the “Special Provision for Rented or Leased Vehicles” is ambiguous, thereby permitting the *1214 trial court to find the existence of PIP coverage. We do not agree. This part of the Florida endorsement merely adopts language consistent with section 627.7263 establishing which insurance coverage is primary when the insured is operating a rental vehicle. Further, even if this part of the endorsement were ambiguous, that ambiguity would not contravene the plain language of the PIP provisions which expressly limit PIP coverage for accidents occurring outside the State of Florida. Where, as with the PIP provisions here, there exists no genuine inconsistency, uncertainty or ambiguity in the insurance contract, the court may not rewrite the contract, add meaning that is not present, or otherwise reach a result contrary to the manifest intentions of the parties. See Allstate Ins. Co. v. Shofner, 573 So.2d 47, 49 (Fla. 1st DCA 1990). Thus, it would be inappropriate for a court to add to or change the language of the policy to create PIP coverage when by its very terms the policy excludes such coverage. See Julian v. Johnson, 438 So.2d 503, 505 (Fla. 5th DCA 1983).
In short, we agree with the following reasoning in the trial court’s order:
[Cotton States’] Amendatory Endorsement CS 05 54 to [Mr. Harris’] policy has a “Special Provision Pertaining to Rental Cars” stating that unless there was bold print to the contrary in the rental agreement that the lessor’s PIP coverage would be primary. The rental policy did have the writing in bold print and therefore [Mr. Harris’] PIP coverage, (had it existed outside of the State of Florida), would have afforded primary coverage. However, since the PIP coverage did not exist by virtue of the territorial policy provision limiting PIP coverage to the State of Florida there is no PIP coverage for this accident from Cotton States Mutual Insurance Company under its policy of insurance with [Mr. Harris] because the ... Special Provision Relating to Rental Agreements establishes a priority of PIP coverage, but does not create PIP coverage where none exists.
AFFIRMED.
WOLF and WEBSTER, JJ., concur.

. Section 627.7263, Florida Statutes (1999), provides, as follows:
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease is primary unless otherwise stated in at least 10-point type on the face of the rental or lease agreement. Such insurance is primary for the limits'of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) If the lessee's coverage is to be primary, the rental or lease agreement must contain the following language, in at least 10-point type:
“The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes.”