**Arthur Cody SORENSEN, Plaintiff and Appellant,**

v.

**Dr. Gary F. LARSEN, Defendant and Respondent.**

**No. 19944.**

Supreme Court of Utah.

July 30, 1987.

Glen M. Richman, Salt Lake City, for plaintiff and appellant.

J. Anthony Eyre, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiff appeals the summary judgment of dismissal of his claim for medical malpractice. The only viable issue on appeal is whether the trial court correctly concluded that plaintiff's claim was barred by the four-year statute of repose contained in Utah Code Ann. § 78–14–4 (1987).[1]

In May 1973, defendant performed corrective surgery on plaintiff's ankle necessitated by an injury sustained in an automobile accident. On February 19, 1982, plaintiff allegedly discovered that the surgery had been negligently performed and commenced this lawsuit with the filing of a complaint on December 28, 1982.

On appeal, plaintiff advances the same arguments presented to the trial court. He contends that his complaint was timely filed within two years of the date his injury was discovered, and in reliance upon our decision in *Foil v. Ballinger,*[2] he contends

---

1. Plaintiff's brief contains two additional issues: (1) whether section 78–14–4 is unconstitutional, and (2) whether defendant fraudulently concealed the legal injury. However, at oral argument, plaintiff conceded that neither issue was raised at the trial level. Since the issues have been raised for the first time on appeal, we decline to address them. *E.g., Topik v. Thurber,* 739 P.2d 1101, 1103 (Utah 1987); *Insley Mfg. Corp. v. Draper Bank & Trust,* 717 P.2d 1341, 1347 (Utah 1986).

2. 601 P.2d 144 (Utah 1979).

that his claim should not have been extinguished before it was discovered.

Utah Code Ann. § 78–14–4 (1987) (effective April 1, 1976) provides, in pertinent part:

(1) No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, *but not to exceed four years after the date of the alleged act, omission, neglect or occurrence....*

....

(2) The provisions of this section shall apply to all persons, regardless of ... legal disability under § 78–12–36 or any other provision of the law, and shall apply retroactively to all persons, partnerships, associations and corporations and to all health care providers and to all malpractice actions against health care providers based upon alleged personal injuries which occurred prior to the effective date of this act; provided, however, that any action which under former law could have been commenced after the effective date of this act may be commenced only within the unelapsed portion of time allowed under former law; but any action which under former law could have been commenced more than four years after the effective date of this act *may be commenced only within four years after the effective date of this act.*

(Emphasis added.)

The trial court appropriately observed that the foregoing statute is stated in two parts. It is not only a statute of limitation; it is also a statute of repose. The statute begins to run from the time an injured person knows or should know that he has suffered an injury.[3] But in any event, the statute requires that an action be commenced within four years after the date of the incident which caused the injury.

Plaintiff's reliance upon *Foil* is misplaced. In that case, the cause of action was commenced within the four-year stat-ute of repose, and the Court was not called upon to address the issue raised in this case.

Plaintiff's cause of action is barred by the four-year statute of repose. The summary judgment of the trial court is affirmed.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

