Opinion
DAVIS, Judge:
11 Irving Place Associates (Irving Place) appeals from the district court's ruling that 628 Park Ave, LLC (628 Park Ave) possesses a valid judgment lien on certain real property (the Property) owned by Irving Place. We affirm.
BACKGROUND
{ 2 In September 2008, 628 Park Ave filed an action in district court against various defendants, including James P. Ring. The causes of action against Ring included breach of the terms of a promissory note and breach of a lease. The district court entered a default judgment against Ring on December 11, 2008, in the amount of $150,144. Litigation continued against the other defendants, and 628 Park Ave did not seek to have the default judgment against Ring certified as a final judgment pursuant to rule 54(b) of the Utah Rules of Civil Procedure. At the time that the default judgment was entered, Ring was the record owner of the Property, which consists of a condominium unit located in the Sundial Lodge at the Canyons condominium project in Summit County, Utah.
T3 On December 18, 2008, 628 Park Ave recorded a copy of the default judgment against Ring.[1] See generally Utah Code Ann. §§ 78B-5-201 to -202 (LexisNexis 2012) (providing for the creation of a judgment lien against real property by recordation of a judgment). The default judgment identified Ring by name but did not contain any other identifying information. 628 Park Ave claims to have also simultaneously submitted to the recorder's office a separate information statement containing additional information as specified in Utah Code section 78B-5-201, such as Ring's date of birth and last-known address. See id. § T8B-5-201(4)(b). However, it is undisputed that the default judgment as recorded did not actually include a separate information statement.
T4 Irving Place acquired the Property from Ring by way of a warranty deed on March 31, 2009, and recorded the deed on April 2, 2009. Irving Place asserts that, at the time of recording, it was not aware of any claim of a judgment lien by 628 Park Ave and understood that it was taking the Property free and clear of all liens and encumbrances.
T5 On November 5, 2009, 628 Park Ave successfully obtained an augmented judgment against Ring in the amount of $498,204. 628 Park Ave recorded the augmented judgment on November 20, 2009. This time, however, 628 Park Ave also recorded a separate information statement containing the identifying information described in Utah Code section 78B-5-201(4)(b). On December 11, 2009, 628 Park Ave obtained a writ of execution on the augmented judgment, directing the sale of all of Ring's non-exempt real property. Based on Ring's ownership of the Property at the time that the original default judgment was recorded, 628 Park Ave sought to sell the Property at a sheriff's sale pursuant to the writ of execution.
1 6 One day prior to the scheduled January 28, 2010 sheriff's sale, Irving Place initiated this action to invalidate 628 Park Ave's claimed judgment lien against the Property. The district court enjoined the sheriffs sale pending resolution of Irving Place's complaint, and both Irving Place and 628 Park Ave filed motions for summary judgment on the issue of the validity of the judgment lien.
T7 Irving Place argued that the recording of the original default judgment against Ring did not create a judgment lien against the Property because the default judgment was not a final judgment at the time it was *262 recorded. Irving Place also argued that no lien was created because as of the date Irving Place acquired the Property from Ring, neither the default judgment itself nor a separate recorded information statement contained the identifying information required by Utah Code section 78B-5-201(6). The district court rejected these arguments, concluding that a final judgment was not necessary to create a judgment lien and that the recorded default judgment sufficiently identified Ring by name. The district court granted summary judgment validating 628 Park Ave's judgment lien against the Property in the amount of the original default judgment.[2] Irving Place appeals.
ISSUES AND STANDARD OF REVIEW
1 8 Irving Place argues on appeal that the district court erred in concluding that a judgment need not be a final judgment to create a judgment lien under Utah Code sections 78B-5-201 and -202. Irving Place also argues that the district court erred in concluding that a recorded judgment satisfies section T78B-5-201(4)(a)'s requirement that it include "the information identifying the judgment debtor" so long as it states the name of the judgment debtor. "We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." Marion Energy, Inc. v. KFJ Ranch P'ship, 2011 UT 50, ¶ 12, 267 P.3d 863 (citation and internal quotation marks omitted).
ANALYSIS
I. Finality of Judgment
19 Irving Place first argues that the district court erred when it concluded that a final judgment was not required to create a judgment lien under Utah Code sections 78B-5-201 and -202. We agree with the district court that the plain language of those sections does not require a final judgment for the creation of a judgment lien.
T 10 Utah Code sections 78B-5-201 and - 202 govern the creation of judgment liens in the state of Utah. See Utah Code Ann. §§ 78B-5-201 to -202 (LexisNexis 2012). Both sections utilize the term "judgment" multiple times, but neither contains the term "final judgment." See id. In analyzing see-tions 78B-5-201 and -202, the district court concluded that the legislature's
use of the term "judgment" as opposed to "final judgment" indicates that there is no requirement that a judgment be final for the purposes of creation of a judgment lien. Had the Legislature intended that a judgment be final in order for a judgment lien to be created, the Legislature could have simply used the term "final judgment," rather than "judgment."
We find this reasoning to be persuasive, and we affirm the district court's conclusion on this issue. Cf. Thorpe v. Washington City, 2010 UT App 297, ¶ 15, 243 P.3d 500 ("We presume that the Legislature consciously selected the term 'civil action' and intended that it be used in accordance with its common and accepted meaning."); State v. Ewell, 883 P.2d 1360, 1364 (Utah Ct.App.1998) (Jackson, J., concurring) ("If the legislature had intended the word 'conviected' to include the sentencing portion of the criminal procedure, it would have used the term 'sentenced' twice rather than 'sentenced' and then 'convicted.' ").
T11 In reaching the conclusion that a judgment lien can be created by a nonfinal judgment, we note that the legislature has used the specific term "final judgment" in lieu of the more general term "judgment" elsewhere in Title 78B of the Utah Code. See, eg., Utah Code Ann. § 78B-11-129(10)(f) (LexisNexis 2012) ("An appeal may be taken from ... a final judgment entered pursuant to this chapter."); id. § (" Ultimately prevail on the merits' means, in the final judgment, the court rules in the plaintiff's favor on at least one cause of action."). We also note that while a nonfinal judgment is sufficient for the creation of a lien, the lien may not be enforced through a writ of execution until the judgment has become finals [3]See Utah R. Civ. P. 64E(a) ("A *263 writ of execution is available to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money." (emphasis added)); cf. Kitches & Zorn, LLC v. Yong Woo Kim, 2005 UT App 164, ¶ 14 n. 3, 112 P.3d 1210 ("[Rjlule 69 is inapplicable to this appeal, which addresses only whether Plaintiffs had a lien. Rule 69 deals with the execution of writs, not the creation of liens or the Registry of Judgments." (citing Utah R. Civ. P. 69 (repealed November 1, 2004))).
{12 In sum, we agree with the district court that a final judgment is not required for the creation of a judgment lien under Utah Code sections 78B-5-201 and -202. We therefore affirm that portion of the district court's summary judgment order.
II. Required Identifying Information
1 13 Irving Place also argues that the district court erred in concluding that 628 Park Ave's recorded judgment satisfied Utah Code section 78B-5-201(4)(a)s requirement that the judgment include "the information identifying the judgment debtor" because the judgment identified Ring, the judgment debt- or, only by name. See Utah Code Anu. § 78B-5-201(4)(a). Irving Place argues that when read in the context of the statute as a whole, "the information identifying the judgment debtor" necessarily refers to the much more detailed information specified in section 78B-5-201(4)(b). See id. § T8B-5-201(4)(b) (specifying the information that must be contained in a separate information statement, including a judgment debtor's last-known address and, if known, the debtor's Social Seeu-rity number, date of birth, and driver license number).
{14 Utah Code section 78B-5-201(8)(a) provides that for judgments entered on or after July 1, 2002, "the judgment or an abstract of judgment" must be "recorded in the office of the county recorder in which the real property of the judgment debtor is located" in order to create a lien against the judgment debtor's real property. Id. § 78B-5-201(8)(a). - Section 78B-5-201(4) further requires that the recording include identifying information for the judgment debtor either on the judgment or abstract itself or on a separate information statement:
[Alny judgment or abstract of judgment that is recorded in the office of a county recorder after July 1, 2002, shall include:
(a) the information identifying the judgment debtor on the judgment or abstract of judgment; or
(b) a copy of the separate information statement of the judgment creditor that contains:
(i) the correct name and last-known address of each judgment debtor and the address at which each judgment debtor received service of process;
(ii) the name and address of the judgment creditor;
(iii) the amount of the judgment as filed in the Registry of Judgments;
(iv) if known, the judgment debtor's Social Security number, date of birth, and driver's license number if a natural person; and
(v) whether or not a stay of enforcement has been ordered by the court and the date the stay expires.
Id. § 78B-5-201(4) (emphasis added).
115 Here, it is undisputed that 628 Park Ave's recorded judgment did not include a separate information statement pursuant to subsection (4)(b). Therefore, the judgment would create a lien upon Ring's real property only if it "include[d] the information identifying the judgment debtor on the judgment," Utah Code Ann. § 78B-5-201(4)(a) (LexisNexis 2012). The district court concluded that because of the disjune-tive "or" between subsections (4)(a) and (4)(b), a judgment creditor need satisfy only one of the subsections. The district court further concluded that the recorded judgment repeatedly identified Ring as the subject of the judgment and that the recorded judgment satisfied subsection 4(a) "because it is clear that the judgment debtor is identified in the Original Judgment itself."
*264 { 16 We agree with the district court that the statute's use of the word "or" clearly indicates that an information statement identifying the information listed in subsection (4)(b) is not necessary where the judgment or abstract of judgment contains "the information identifying the judgment debtor," id. § 78B-5-201(4)(a). The question, then, is what minimum identifying information must be included on the judgment in order for it to satisfy subsection (4)(a). While the phrase "the information identifying the judgment debtor," id., is by no means a model of clarity, we disagree with Irving Place's assertion that the extensive information outlined in subsection (4)(b) must be provided in order for a creditor to create a judgment lien under subsection (4)(a).
{17 Even the information identified in subsection (4)(b) is not strictly required. Most of that information may be left off of a separate information statement where it is unknown or unavailable. The "debtor's Social Security number, date of birth, and driver's license number," specifically, are required only "if known." Id. § 78B-5-201(4)(b)(iv). Section also suggests that the other information identified in section 78B-5-201(4) must be included only "if known or available to the judgment ereditor from its records, its attorney's records, or the court records in the action in which the [judgment] was entered" and that the absence of that information may be excused by a statement indicating that it "is unknown or unavailable." Id. § 78B-5-201(5). Thus, the statute clearly contemplates the creation of judgment liens even in the face of limited identifying information.[4] Given that the information outlined in subsection (4)(b) is not strictly required even where a separate information statement is necessary, we agree with the district court that the information on the Judgment identifying Ring by name was sufficient to create a valid lien.
CONCLUSION
1 18 We hold that Utah Code section 7SB-5-201 imposes no requirement that a judgment be a final judgment for purposes of creating a judgment lien. We also hold that a party's name contained in a recorded judgment is sufficient identifying information to create a valid judgment lien under Utah Code section 78B-5-201(4). Accordingly, we affirm the district court's ruling that 628 Park Ave possesses a judgment lien against the Property.

. All of the recorded documents referenced in this opinion were recorded in the Summit County Recorder's Office.

. The district court rejected 628 Park Ave's attempt to obtain a judgment lien in the greater amount reflected in the augmented judgment against Ring.

. The district court recognized as much, ordering that "[the judgment lien created by the re *263 cording of the Original Judgment may be executed upon once it has been certified as a final judgment in the underlying Ring Lawsuit."

. We also question whether the legislature would intentionally impose a strict requirement that extensive personal information be included on a recorded document in light of its apparent concern for personal privacy in other areas. See, e.g., Utah Code Ann. § 63G-2-302(1) (LexisNexis Supp.2012) (declaring that the portion of voter registration that includes the voter's driver license and social security numbers is a private record); ef. Utah R. Jud. Admin. 4-202.02(4)(D) (identifying court records of a party's driver license number, social security number, and other information as private).