*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2018 UT 27**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ERIK JENSEN,
*Appellee,*

*v.*

INTERMOUNTAIN HEALTHCARE, INC.,
IHC HEALTH SERVICES, INC., dba LDS HOSPITAL, and
IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL GROUP,
*Appellants.*

No. 20160424
Filed June 26, 2018

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Judge Barry G. Lawrence
No. 150900735

Attorneys:

Charles H. Thronson, Nicholas Bernard, Salt Lake City, for appellee

Troy L. Booher, Beth E. Kennedy, Alexandra Mareschal,
Salt Lake City, for appellants[1]

JUSTICE PEARCE authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS and JUDGE TOOMEY joined.

Due to her retirement, JUSTICE DURHAM did not participate herein;
COURT OF APPEALS JUDGE KATE A. TOOMEY sat.

---

[1] Additional counsel listed on the briefing includes Brinton R. Burbidge, Paul D. Van Komen, Nathan W. Burbidge, G. Wright, Brandon B. Hobbs, Courtney Kochevar, Sean C. Miller, Salt Lake City, for appellants.

JUSTICE PETERSEN became a member of the Court on
November 17, 2017, after oral argument in this matter
and accordingly did not participate.

———————

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶ 1   On interlocutory appeal, we are asked to decide whether a request for prelitigation review—a step the Utah Healthcare Malpractice Act (UHMA) mandates a plaintiff take before filing a medical malpractice suit—tolls one of the limitation periods for filing that suit. The district court decided that it did. We agree that it does and affirm.

## BACKGROUND

¶ 2   The only facts relevant to this appeal are those that speak to the chronology. Erik Jensen received surgical treatment for abdominal pain and cramping on March 26, 2010. On April 1, 2010, Jensen suffered cardiac arrest. Jensen claims that medical staff failed to properly resuscitate him and provided negligent post-surgical care.

¶ 3   On March 21, 2014, Jensen filed a notice of intent to sue and a request for prelitigation review. Jensen received a certificate of compliance on December 26, 2014,[2] and filed suit on February 2, 2015.

¶ 4   Intermountain Healthcare, Inc., IHC Health Services, Inc. dba LDS Hospital, and IHC Health Services, Inc. dba Intermountain Medical Group (collectively "IHC") moved for summary judgment arguing that UHMA's four-year limitation period for medical malpractice actions barred Jensen's suit. The district court concluded that Jensen's request for prelitigation proceedings tolled the time to file during the period he spent waiting for the prelitigation review to conclude. IHC appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5   The single question before us asks whether the district court erred when it denied IHC's summary judgment motion. This requires us to examine whether filing a request for prelitigation

———————

[2] The district court's order states that the certificate was issued October 26, 2014. Neither party argues that this is the correct date.

review tolls the four-year period for filing suit. This presents a statutory construction question that we review for correctness. *See Bishop v. GenTec Inc.*, 2002 UT 36, ¶ 8, 48 P.3d 218.

## ANALYSIS

¶ 6   To understand better the question this case presents, it is helpful to appreciate UHMA and the hurdles it requires a prospective plaintiff to clear before filing an action.

¶ 7   First, UHMA requires a plaintiff to file a "notice of intent to commence an action." UTAH CODE § 78B-3-412(1)(a). This notice must be sent to the prospective defendant and must include "(a) a general statement of the nature of the claim; (b) the persons involved; (c) the date, time, and place of the occurrence; (d) the circumstances surrounding the claim; (e) specific allegations of misconduct on the part of the prospective defendant; and (f) the nature of the alleged injuries and other damages sustained." *Id.* § 78B-3-412(1)(a), (2), (3).

¶ 8   Second, a plaintiff must present the claim to a prelitigation panel. *Id.* § 78B-3-416(2)(a). UHMA requires that the plaintiff file the request for prelitigation panel review within sixty days of filing the notice of intent to commence action. *Id.* The prelitigation panel proceedings are, in the statute's words, "informal [and] nonbinding" but also "*compulsory as a condition precedent* to commencing litigation." *Id.* § 78B-3-416(1)(c) (emphasis added). The division has 180 days after the request is filed to "complete a prelitigation hearing," or longer if all parties agree. *Id.* § 78B-3-416(3)(b). After it completes its review, the hearing panel issues an opinion and a certificate acknowledging that the plaintiff has complied with UHMA's prelitigation requirements. *Id.* § 78B-3-418(1)(a). After receipt of the certificate, a plaintiff can properly file the lawsuit.

¶ 9   UHMA provides multiple limitations on when a plaintiff can file suit. Utah Code section 78B-3-404 reads, including the title:

> Statute of limitations—Exceptions—Application
>
> (1) A malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect, or occurrence.[3]

---

[3] Utah Code section 78B-3-404(2) details the exceptions.

During the prelitigation review detailed above, UHMA "tolls the *applicable statute of limitations* until the later of: (i) 60 days following the division's issuance of . . . a certificate of compliance . . . or (ii) the expiration of the time for holding a hearing . . . ." *Id.* § 78B-3-416(3)(a) (emphasis added).

¶ 10   Tolling of the four-year period matters in this case because Jensen's four years to file expired while he was waiting for his certificate from the prelitigation review panel.[4] The district court concluded that Jensen's request for prelitigation review tolled UHMA's four-year limitation on filing a malpractice action while the panel reviewed his case. The district court concluded: (1) that IHC's argument is not supported by the statutory language; (2) that our prior decisions, albeit in different contexts, suggested that both provisions should be tolled; and (3) that IHC's interpretation would not square with the policies underlying the statute.

¶ 11   We can take a swifter path through the statute than the district court did. To decide whether the district court correctly concluded that Jensen's suit was timely, we must answer two questions: (1) is the four-year period a statute of limitations or a statute of repose; and (2) if it is a statute of repose, did the Legislature intend that period to be an "applicable statute of limitations" as UHMA uses that term.

## I. The Four-Year Period Is a Statute of Repose

¶ 12   As noted above, the Legislature provided that "[t]he filing of a request for prelitigation panel review under this section tolls the *applicable statute of limitations* until the later of: (i) 60 days following the division's issuance of . . . a certificate of compliance . . . or (ii) the expiration of the time for holding a hearing . . . ." UTAH CODE § 78B-3-416(3)(a) (emphasis added).

¶ 13   That raises the question of what the Legislature intended the reference to the "applicable statute of limitations" to mean. And, more specifically, does "applicable statute of limitations," UTAH CODE § 78B-3-416(3)(a), include the period "not to exceed four years after the date of the alleged act, omission, neglect, or occurrence," UTAH CODE § 78B-3-404(1).

---

[4] We have already decided that filing a notice of intent to file suit tolls the four-year period. *Forbes v. St. Mark's Hosp.*, 754 P.2d 933, 935 (Utah 1988).

¶ 14 For obvious reasons, the parties disagree about how to label section 78B-3-404's limitation periods. If the latter half of that section describes a statute of limitations, it falls squarely within section 78B-3-416's reference to "applicable statute of limitations." If the four-year period is a statute of repose, we are presented with a trickier statutory interpretation question.

¶ 15 We are presented with a trickier statutory interpretation question. Although the district court pointedly did not decide whether the latter half of section 78B-3-404(1)'s limitation is better described as a statute of limitations or a statute of repose, we have repeatedly said that the limitation functions as a statute of repose. *See Arnold v. Grigsby*, 2012 UT 61, ¶ 13, 289 P.3d 449 ("The Utah Health Care Malpractice Act provides . . . a four-year statute of repose for the filing of medical malpractice actions."); *Lee v. Gaufin*, 867 P.2d 572, 574 (Utah 1993) (referring to the same four-year period in UHMA as a "statute of repose"); *Sorensen v. Larsen*, 740 P.2d 1336, 1336 (Utah 1987) (same). Jensen urges us to reconsider what we said in these cases because, he claims, we have not had any reason "to consider how a 'statute of repose' would operate in conjunction with other provisions of [UHMA], as compared with a statute of limitations." But Jensen does nothing more than invite us to reconsider those conclusions; that is, he provides us with no argument that the language in question constitutes a statute of limitations.

¶ 16 In *Berry ex rel. Berry v. Beech Aircraft Corp.*, we limned the distinction between statutes of limitations and those of repose:

> A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated or the remedy for the wrong committed is deemed waived. A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action.

717 P.2d 670, 672 (Utah 1985).

¶ 17 *Berry* involved a fatal plane crash. Plaintiffs alleged that the plane suffered from a manufacturing defect. *Id.* at 671–72. The case concerned a statutory limitation on the commencement of an action that barred "all legal actions for death, personal injury, or damage to property caused by a defective product, if the action is filed more than six years after the date of first sale for 'use or consumption,' or ten years after the date of manufacture." *Id.* at 672–73 (citation omitted). We concluded that this operated as a statute of repose that

began to run from "the date of first sale, or the date of manufacture, of a product alleged to be defective." *Id.* at 672.

¶ 18 UHMA operates in a similar way. Take, for example, a medical malpractice action based on a surgical error that does not manifest itself until years later. This resembles the manufacturing defect at issue in *Berry.* In both examples, the action that will eventually result in injury has occurred; it has just yet to be discovered. The defect was there from the date of surgery/manufacture, but will not come to light until later. Thus, without the benefit of any meaningful argument to the contrary, we continue to believe that the four-year period in UHMA functions as a statute of repose and this case hinges on whether the Legislature intended section 78B-3-404(1)'s four-year limitation period to be one of the "applicable statutes of limitations" that section 78B-3-416 references.

## II. "Statute of Limitations," as Used in the Utah Healthcare Malpractice Act, Is an Ambiguous Term

¶ 19 IHC argues that this is the simplest of cases because the statute only tolls "the applicable statute of limitations" and the relevant time period is a statute of repose, not a statute of limitations. IHC's argument prevails if we agree that, by using the term "applicable statute of limitations" in Utah Code section 78B-3-416, the Legislature intended to draw a distinction between statutes of limitations and statutes of repose.

¶ 20 We are not convinced that the Legislature uses the term statute of limitations as precisely as IHC's argument assumes. "It is the duty of this court, according to its best knowledge and understanding, to declare the law as it finds it, and determine the intent and purpose thereof from the language used by the Legislature in expressing such purpose and intention." *Cox v. Laycock*, 2015 UT 20, ¶ 42 n.47, 345 P.3d 689 (citation omitted). And we can observe that the Legislature sometimes uses the term "statute of limitations" to mean limitation periods generally and does not always employ it to draw a distinction between statutes of limitations and statutes of repose.

¶ 21 For example, the Legislature labeled chapter 2 of title 78B of the Utah Code "Statutes of Limitations." Yet the Legislature acknowledged, later in that same chapter, that chapter 2 contains both statutes of limitations and repose by referring to the "periods of limitation and repose provided in this chapter . . . ." UTAH CODE § 78B-2-225(2)(e). And, indeed, chapter 2 contains both statutes of limitations and repose. Chapter 2 contains a "statute of repose . . . to

lay at rest claims against tax titles," *Frederiksen v. LaFleur*, 632 P.2d 827, 829 (Utah 1981) (citation omitted) (referencing what is now UTAH CODE § 78B-2-205(2)), and a "builders statute of repose," *Craftsman Builder's Supply, Inc. v. Butler Mfg. Co.*, 1999 UT 18, ¶ 13, 974 P.2d 1194 (referencing what is now UTAH CODE § 78B-2-225). Chapter 2 also contains statutes of limitations, including "a six month statute of limitations . . . to recover [against] . . . 'a collector of taxes,'" *Stevensen v. Monson*, 856 P.2d 355, 357 (Utah 1993) (citing what is now UTAH CODE § 78B-2-301), a three-year "statute of limitations for conversion," *Ockey v. Lehmer*, 2008 UT 37, ¶ 35, 189 P.3d 51 (citing UTAH CODE § 78B-2-305(2)), and a three-year statute of limitations for fraud, *Hill v. Allred*, 2001 UT 16, ¶ 16, 28 P.3d 1271 (citing what is now UTAH CODE § 78B-2-305(3)). Thus, it appears that the Legislature sometimes uses the term statutes of limitations as a generic term for limitation periods generally.

¶ 22 It is not just us. The United States Supreme Court has recognized that the United States Congress has been similarly imprecise with the labeling of limitation periods, sometimes "us[ing] the term 'statute of limitations' when enacting statutes of repose." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2185 (2014). The Court has noted that "[w]hile the term 'statute of limitations' has acquired a precise meaning, distinct from 'statute of repose,' and while that is its primary meaning, it must be acknowledged that the term 'statute of limitations' is sometimes used in a less formal way. In that sense, it can refer to any provision restricting the time in which a plaintiff must bring suit." *Id.*

¶ 23 Academics have also noted that those who make and interpret the law are not consistent in the use of the term statute of limitations.

> In the most general sense, a statute of repose and a statute of limitation are identical—"legislative enactments prescribe the periods within which actions may be brought." Older treatise writers and judges often used "repose" and "limitation" interchangeably. A second definition suggests that statute of repose is a general term that encompasses various statutes, including statutes of limitation. . . . A third approach indicates that a statute of repose is merely one type of statute of limitation. . . . The fourth definition holds that a statute of repose is distinct from a statute of limitations . . . .

Francis E. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am. U. L. Rev. 579, 582–84 (1981) (footnote omitted).

¶ 24  In response to this line of thinking, IHC points out that the Legislature used the markedly different phrase "applicable time period" in UHMA's provision that tolls the statute for the period necessary to provide pre-filing notice. *See* Utah Code § 78B-3-412(4) ("If the notice is served less than 90 days prior to the expiration of the applicable time period, the time for commencing the malpractice action against the health care provider shall be extended to 120 days from the date of service of notice."). In *Forbes v. St. Mark's Hospital*, we interpreted that phrase to mean both statutes of limitations and repose. 754 P.2d 933, 934 (Utah 1988). IHC argues that this shows that the Legislature knew how to use a broader phrase but deliberately chose a different, more limited one in section 78B-3-404.

¶ 25  IHC also cites a number of places elsewhere in the code where the Legislature uses the phrase "statute of repose." We generally "assume[] that each term in the statute was used advisedly," *Savage Indus., Inc. v. Utah State Tax Comm'n*, 811 P.2d 664, 670 (Utah 1991), and sometimes find that the use of a term elsewhere shows that the Legislature knows how to use those terms, and would have used them again if it intended the same effect, *see Gottling v. P.R., Inc.*, 2002 UT 95, ¶ 11, 61 P.3d 989 ("The legislature could have used the phrase 'discriminatory or prohibited employment practices' [as it did elsewhere in the statute] and thereby have limited the [statute's] preemptive effect to common law actions for discrimination against large employers. Nevertheless, it chose to use the undefined, more expansive term. That choice, combined with the use of the word 'exclusive' and the lack of any other qualifying language, explicitly reveals the legislature's intent to preempt all other state law causes of action for employment discrimination.").

¶ 26  However, "[i]t is usually quite beside the point that the legislature 'knows how' to speak more explicitly. That is another way of saying that the legislature could have spoken more clearly. And typically that gets us nowhere." *Craig v. Provo City*, 2016 UT 40, ¶ 38, 389 P.3d 423 (footnote omitted). And evidence that the Legislature has used "statute of repose" elsewhere shows just that: that the Legislature "'knows how' to speak more explicitly." *See id.* But the code is festooned with compelling evidence that the Legislature may not speak that clearly when it comes to limitation periods. *See id.*; *supra* ¶¶ 19–21; *see also Irving Place Assocs. v. 628 Park*

*Ave., LLC*, 2015 UT 91, ¶ 16, 362 P.3d 1241 ("[T]he legislature's failure to speak more clearly tells us little or nothing about its intent in using terms that are less clear."); *In re Estate of Hannifin*, 2013 UT 46, ¶ 25, 311 P.3d 1016 ("In any matter of statutory construction of any consequence, it will almost always be true that the legislature could have more clearly repudiated one party's preferred construction."); *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 75, 266 P.3d 702 (Lee, J., concurring in part and concurring in the judgment) ("Whenever a statute is susceptible of two plausible interpretations, it will always be the case that the legislature could have spoken more clearly if it had anticipated the precise question before the court. But that fact is hardly ever material, since one can almost always imagine clarifying amendments cutting both ways.").

¶ 27　Therefore, because of the inconsistency in usage of the phrase "statute of limitations," we conclude that the phrase "applicable statute of limitations" is ambiguous. The Legislature could have used it as a specific reference to those deadlines that are truly statutes of limitations or as an umbrella term covering "any provision restricting the time in which a plaintiff must bring suit." *CTS Corp.*, 134 S. Ct. at 2185.

### III. Filing a Request for Prelitigation Review Tolls the Statute of Repose

¶ 28　Once we determine the statute is ambiguous, the question simplifies because the section in which the statute of repose is found bears the title, "Statute of Limitations." This strongly suggests that the Legislature was either using the term statute of limitations to mean limitation periods generally, or that it believed that the statute of repose in section 78B-3-404 was actually a statute of limitations subject to section 78B-3-416 and not the statute of repose we later found it to be.

¶ 29　We have stated that "[t]he title of a statute is not part of the text of a statute, and absent ambiguity, it is generally not used to determine a statute's intent." *Blaisdell v. Dentrix Dental Sys., Inc.*, 2012 UT 37, ¶ 10, 284 P.3d 616 (quoting *State v. Gallegos*, 2007 UT 81, ¶ 16, 171 P.3d 426). We stand by that proposition, but, as explained above, here there is ambiguity. *See supra* ¶¶ 19–27. And we have noted that when we need help understanding an ambiguous provision, titles are "persuasive and can aid in ascertaining [the statute's] correct interpretation and application." *Blaisdell*, 2012 UT 37, ¶ 10 (alteration in original) (quoting *Gallegos*, 2007 UT 81, ¶ 16).

¶ 30　Once we look to the title of Utah Code section 78B-3-404, it appears the Legislature intended that the request for prelitigation

review would toll the four-year period. The statute of repose is found in a section entitled "Statute of limitations—Exceptions—Application." UTAH CODE § 78B-3-404. Reading the title in tandem with the statute, "the applicable statute of limitations" logically refers to both periods that Utah Code section 78B-3-404(1) labels statutes of limitations, and does not exclude the one that we later interpreted as a statute of repose. *See* UTAH CODE § 78B-3-416(3)(a). In other words, because the Legislature placed the four-year period under the heading "Statute of limitations—Exceptions—Application[,]" it follows that the Legislature intended it to be one of the "applicable statute of limitations" that is tolled by the filing of a prelitigation panel request. UTAH CODE §§ 78B-3-404, 78B-3-416(3)(a).[5]

¶ 31 This reading also has the advantage of creating a system that works harmoniously. Under Jensen's interpretation, the potential plaintiff files notice, tolling the statute of repose and statute of limitations. Then, within sixty days, the plaintiff files a request for prelitigation review. While that review is pending, the statute of limitations and statute of repose are tolled until the panel issues a certificate of compliance. Once the panel is finished with its review, the plaintiff has sixty days to file suit.

¶ 32 Under the reading that IHC advocates, a plaintiff might have to file a placeholder suit[6]—a suit UHMA forbids until the

---

[5] IHC points out that statutes of repose cannot be *equitably* tolled. This is true. *See CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) ("Statutes of limitations, but not statutes of repose, are subject to equitable tolling, a doctrine that 'pauses the running of, or "tolls," a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" (citation omitted)). But statutes of repose can be tolled by statute. *See Forbes v. St. Mark's Hosp.*, 754 P.2d 933, 935 (Utah 1988) (holding that the filing of a notice of intent tolls UHMA's statute of repose).

[6] IHC argues that "[b]oth [UHMA] and opinions from this court have recognized that, in some cases, a [plaintiff] may file a premature lawsuit to avoid the effect of the limitation or repose period." In support of this proposition, IHC relies partly on our decision in *McBride-Williams v. Huard*, 2004 UT 21, 94 P.3d 175. There, we decided that the requirement that a plaintiff first proceed with prelitigation proceedings

(continued . . .)

prelitigation review process is completed—if the statute of repose will expire while the panel is reviewing the case. Instead of requiring such a placeholder suit, tolling both the statute of limitations and repose harmonizes the notice and request for prelitigation review such that plaintiffs can proceed in a logical fashion with their medical malpractice suits.

¶ 33 The statute's ambiguous language, together with the relative clarity of its title, causes us to conclude that filing a request for prelitigation review tolls the "applicable statute of limitations."

---

does not erect a barrier at the courthouse door, barring entry to medical malpractice claimants who have failed to comply with compulsory prelitigation procedures. Claimants are at liberty to commence an action . . . irrespective of whether they have heeded the preconditions imposed by the Malpractice Act. We adopt this position without endorsing the McBrides' apparent wholesale disregard of the prelitigation procedures mandated by the Malpractice Act.

*Id.* ¶¶ 10–11. But just because plaintiffs can file a placeholder suit does not mean that this is the system the Legislature envisioned, as we recognized when we refused to "endorse[] the McBrides' apparent wholesale disregard of the prelitigation procedures . . . ." *Id.* ¶ 11.

IHC also points to Utah Code section 78B-3-423(6), which provides that, "[i]f a claimant or the claimant's attorney does not file an affidavit of merit as required by this section, the division may not issue a certificate of compliance for the claimant and the malpractice action shall be dismissed by the court." IHC urges that the reference to the malpractice action being dismissed by the court means that "[UHMA] expressly contemplates that a claimant can file a malpractice action in court before completing the requisite procedures; otherwise, there would be no malpractice action to dismiss." But this, at most, recognizes that some litigants might disregard UHMA's requirements and instructs the court what to do in that instance. It does not inform whether the Legislature envisioned that a plaintiff would file a placeholder suit, knowing it would be dismissed as having been improperly filed, in order to toll the statute of repose while the plaintiff participates in the prelitigation panel process.

UTAH CODE § 78B-3-416(3)(a). Therefore, the statute of repose does not bar Jensen's claim.

## CONCLUSION

¶ 34   We conclude that the phrase "statute of limitations" as used in Utah Code section 78B-3-416(3)(a) is ambiguous. Looking at the title of Utah Code section 78B-3-404—which includes the phrase "[s]tatute of limitations" in reference to the four-year time period— we resolve that ambiguity by concluding that the four-year time period is an "applicable statute of limitations" and is therefore tolled by filing a request for prelitigation review. UTAH CODE §§ 78B-3-404, 78B-3-416(3)(a). Because the statute of repose was tolled during the period Jensen sought prelitigation panel review, it does not bar his claim. We affirm.